## RIGHT OF LATERAL SUPPORT.

Court of Appeals for Hamilton County.

FRITZ HEIMERDINGER v. CHARLES SCHNEIDER.

Decided, July, 1914.

*Excavation—Grantor of a Lot Damages it by Excavating on the Adjoining Lot—Failure to Give Notice of Intention to Excavate.*

1. A deed of general warranty does not carry with it by way of easement a right of lateral support sufficient to maintain the building on the lot so conveyed.

2. But where the owner of an adjoining lot excavates upon it without giving notice of his intention so to do as required by statute, he becomes liable under the common law for damages resulting to the land itself.

*Frank H. Kunkel* and *Marston Allen,* for plaintiff in error.
*Gordon, Morrill & Ginter,* contra.

JONES (Oliver B.), J.; SWING, J., and JONES (E. H.), J., concur.

Plaintiff below, in 1905, purchased from defendant below certain lots abutting on Schneider avenue, east of Kirby road, upon which was situated a frame dwelling house, and also a lot 25 feet wide connecting said property with Glen Parker avenue. Defendant owned the lots between said property and Kirby road. The surface of all of these lots was considerably above the grade of both Kirby road and Schneider avenue, and in 1910 the defendant commenced to grade his lots to bring the surface down nearer to the grades of Schneider avenue and Kirby road, and in so doing caused the lots of plaintiff to slip and slide in such manner as to cause damages both to the lots and to the dwelling-house upon them. Plaintiff thereupon brought the action below to enjoin the continuance of such excavation, and to recover judgment for the damages incurred.

Upon the trial plaintiff introduced evidence tending to show that the house upon his property was permanently damaged so that it could not be repaired, and also evidence as to the value of the house before and after such excavation. And thereupon the defendant moved to strike out from the record all evidence as to damage to the improvements upon the property of plaintiff, and to withdraw from the jury all matters relating to the dam-

age to improvements, which motion was granted by the court and said evidence ordered stricken from the record and the jury instructed to leave all damage as to improvements out of their consideration. This ruling was excepted to, and the cause proceeded with reference to damages to the land aside from the improvements thereon, and resulted in a verdict and judgment for the plaintiff for said damages.

The proceedings in error here are for the purpose of determining whether it was error in the court below to withdraw the question of damages to the improvements from the consideration of the jury.

There is no question as to the right of the owner of land to lateral support, as a property right (*Belden* v. *Franklin*, 8 C.C. [N.S.], 259); but such property right in Ohio is subject to the terms of Sections 3782 and 3783 of the General Code, and within the terms of those statutes an owner of property has the right to make excavations on his own property after notice, in a proper and reasonable way, without liability because of the removal of the lateral support of the adjoining one.

The excavation made in the case below did not grade the lot down to the established grade of the abutting street, but the defendant below failed to show that he had given the notice required by the statute before the commencement of the excavation, and he was therefore properly held liable for the damage resulting to the land itself under the common law.

It is contended, however, by plaintiff that because the defendant had sold and conveyed to plaintiff the land, on which the house was situated, that the deed, which was an ordinary deed of general warranty, carried by way of easement a right to sufficient lateral support for the maintenance of the house in the same manner it existed at the time of such sale. We are unable to find any authority in this state to support this proposition. Had the parties contemplated such a right with its corresponding duty it would have been a simple matter to embody it in the deed of conveyance. Not having done so, it must be presumed that the conveyance was made with full knowledge of the obligations and rights fixed by the statute upon the owners of adjoining property.

We are therefore of the opinion that there is no error in the record of the case, and the judgment is therefore affirmed.